IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD ISAIAH LOVE, AA-7389, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY HEDGPETH, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 11-6283 CRB (PR) <br> No. C 12-1671 CRB (PR) <br><br> ORDER CONSOLIDATING CLAIMS INTO CASE C 11-6283 AND CLOSING CASE C 12-1671; AND ORDER TO SHOW CAUSE <br><br> (Docket # 2) |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed two pro se petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury of four counts of second degree robbery, four counts of assault with a firearm, two counts of making criminal threats and two counts of possession of a firearm by a felon. The jury also found true allegations that petitioner personally used a handgun during the commission of the robbery, assault and criminal threats offenses. On August 14, 2009, petitioner was sentenced to 28 years in state prison.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California. He also unsuccessfully sought habeas relief from the state courts. On January 12, 2012, the Supreme Court of California denied his final petition for state habeas relief.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner's first petition, filed on December 14, 2011 as civil case number 11-6283, raises one claim for relief – improper exclusion of evidence. His second petition, filed on April 4, 2012 as civil case number 12-1671, raises two additional (and newly exhausted) claims – denial of right to confront witnesses and ineffective assistance of counsel.

Good cause appearing, the three claims will be consolidated into one action and will proceed under the earlier filed case, 11-6283. The clerk is instructed to file a copy of the petition in case number 12-1671 into case number 11-6283, and to close case number 12-1671 and terminate all pending motions therein as moot. All future filings shall be in case number 11-6283 only.

Liberally construed, petitioner's three claims – improper exclusion of evidence, denial of right to confront witnesses and ineffective assistance of

2

counsel – appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 2) is GRANTED.

2. The clerk shall serve a copy of this order and the petitions and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and

1 | respondent shall file with the court and serve on petitioner a reply within 15 days
2 | of receipt of any opposition.
3 |      5.    Petitioner is reminded that all communications with the court must
4 | be served on respondent by mailing a true copy of the document to respondent's
5 | counsel. Petitioner must also keep the court and all parties informed of any
6 | change of address.
7 | SO ORDERED.
8 | DATED: April 12, 2012
9 |                   CHARLES R. BREYER
                  United States District Judge

N:\11-6283.crborder.wpd